**YING JI SHEN, aka Ying Ji Zhen aka Jung Hwa Yang, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–74322.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Tarigo, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

Huge G. Mullane, Esquire, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ying Ji Shen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility determination, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination in that Shen made a sworn statement to an immigration official through a Chinese language interpreter that she came to the United States to make money and had no fear of returning to China, whereas her application for asylum and withholding of removal were based upon her alleged fear of return. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004) (sworn port of entry interview statement supported adverse credibility determination where IJ reasonably could conclude the statement was a reliable impeachment source and there was a valid discrepancy between the statement and petitioner's later testimony).

In the absence of credible testimony, Shen failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.